

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-96,378-01

### EX PARTE KENDALL BELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1394740-A IN THE 263RD DISTRICT COURT
### HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of aggravated robbery and sentenced to twenty years' imprisonment. The First Court of Appeals affirmed his conviction. *Bell v. State*, 649 S.W.3d 867 (Tex. App.—Houston [1st Dist.] 2022 (pet. ref'd). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was erroneously released and is therefore entitled to time credited towards his sentence for approximately five years that he was not in custody.

On January 30, 2017, Applicant's counsel requested bond from a juvenile court that no longer had jurisdiction of the case. That court improperly granted bond and Applicant was erroneously

released from custody on January 31, 2027. The State realized the mistake and, per their request, the juvenile court revoked bond on March 27. 2017. A warrant was issued to return Applicant to custody on May 19, 2017. No effort was made by the State to execute that warrant and obtain custody of Applicant until February 10, 2022. Applicant was found at his home on that date and returned to custody. During his time on erroneous release, Applicant violated no laws or any terms of release that would have applied to him if he had been properly released.

Applicant contends that he has been denied time credit toward the expiration of his sentence for the time when he was erroneously released, through no fault of his own.

The trial court has found that Applicant is entitled to credit for the period of time he spent erroneously released. After a review of the record, we have determined that the trial court's findings are correct. *Ex parte Hale*, 117 S.W.3d 866, 873 (Tex. Crim. App. 2003). Therefore, the Texas Department of Criminal Justice shall credit Applicant's sentence in cause number1394740 from the 263rd Judicial District Court of Harris County with all of the time from the date of Applicant's erroneous release on January 31, 2017, until his return to custody on February 10, 2022.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional Division, and the Board of Pardons and Paroles Division.

DELIVERED:    March 26, 2025

DO NOT PUBLISH